**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JACKIE AND ANTHONIE TALARICO, et al.,

      Plaintiffs,

v.

BALFOUR BEATTY COMMUNITIES, LLC; et al.,

      Defendants.

_____/

**CASE NO. 4:25-CV-10037-DLS**

<u>**NOTICE OF FILING OF PLAINTIFFS' SECOND AMENDED COMPLAINT**</u>

Pursuant to this Court's Order dated January 20, 2026 (ECF No. 133) directing Plaintiffs to file an amended complaint, Plaintiffs respectfully submit the attached Second Amended Complaint ("SAC").  Plaintiffs also respectfully submit this notice briefly summarizing how the SAC differs from the First Amended Complaint ("FAC") (ECF No. 83).  The SAC reflects the following revisions and additions to the FAC:

1.    **Revisions Clarifying the Bases for The Court's Subject-Matter Jurisdiction (SAC ¶¶ 102 – 103)**:  In accordance with the guidance provided by the Court at the January 20, 2026 status conference, the SAC clarifies and supplements allegations concerning this Court's subject-matter jurisdiction.  As reflected in Paragraph 102 of the SAC, Plaintiffs affirmatively premise this Court's subject-matter jurisdiction on provisions of the Class Action Fairness Act ("CAFA") providing for federal court jurisdiction over "mass action[s]" in which the class of Plaintiffs exceeds 100 members, at least one member of the class of Plaintiffs is a citizen of a State different from any Defendant, and the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (d)(11). To clarify that this action satisfies the minimum diversity requirements of CAFA, and in accordance with this Court's direction at the January 20 status conference,

1

the SAC also specifically alleges the citizenship, for CAFA purposes, of each Plaintiff and Defendant.[1]  The SAC also alleges that none of the statutory exceptions to or limitations on Section 1332(d)(2)'s grant of subject matter jurisdiction apply here.[2]

The SAC also discusses one additional basis for this Court's subject-matter jurisdiction that was invoked by Defendants when they removed this action to federal court.  In Paragraph 103, the SAC notes Defendants' reliance on the federal officer removal statute, 28 U.S.C. § 1442(a)(1), as a basis for jurisdiction. The SAC references Defendants' invocation of the federal officer removal statute because Plaintiffs do not dispute that the statute provides a potential basis for this Court's subject-matter jurisdiction.[3]

However, the SAC does not incorporate any of the other bases for removal asserted by Defendants because none of them provides a valid basis for removal. For example, Defendants have suggested that this Court has federal question jurisdiction under 28 U.S.C. § 1331 due to

---

[1] Although the SAC identifies the members of those Defendants that are limited liability companies ("LLCs"), including where those members have their principal place of business and the States under whose laws those members were formed, Plaintiffs note that the rule for determining the citizenship of LLCs for purposes of CAFA differs from the rules governing the citizenship of LLCs under the general diversity jurisdiction statute.  Thus, for the purposes of CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

[2] For example, 28 U.S.C. § 1332(d)(4) is inapplicable because, *inter alia*, none of the Defendants is a citizen of Florida.  And 28 U.S.C. § 1332(d)(11)(B)(ii) does not apply because, *inter alia*, the claims in this action do not arise from a single "event or occurrence." *See* 28 U.S.C. § 1332(d)(11)(B)(ii).

[3] One of the elements of federal officer removal jurisdiction is that the Defendants allege that they have one or more "colorable" federal defenses to Plaintiffs' claims. In removing this action, Defendants asserted two possible federal defenses:  the "government contractor defense" and "derivative sovereign immunity." Defs.' Notice of Removal ¶¶ 55–56 (ECF No. 1) (May 6, 2025).  Although Plaintiffs believe that the defenses asserted by Defendants lack merit, *see, e.g.*, *GEO Grp., Inc. v. Menocal*, No. 24-758, slip op. at 9–10 (U.S. Feb. 25, 2026) (discussing "general rule" that federal government's sovereign immunity is "not transferrable to agents, including contractors, of a government"), we do not dispute that in removing this action, Defendants purported to identify at least one colorable federal defense.

NAS Key West's status as a federal enclave. As explained in Paragraphs 150 - 159 of the SAC, however, NAS Key West is subject to concurrent rather than exclusive federal legislative jurisdiction. The clear weight of authority confirms that federal question jurisdiction exists only over actions involving "exclusive" federal enclaves, and not over actions, like this one, involving concurrent legislative jurisdiction.[4] Nor is federal question jurisdiction established simply because Plaintiffs allege that they are third-party beneficiaries of Defendants' breached contracts with the federal government.[5] And Defendants' invocation of jurisdiction under the general diversity statute, 28 U.S.C. § 1332(a), fails because one of the members of Defendant Southeast Housing LLC is the U.S. Navy, which forecloses jurisdiction under that statute.[6]

> 2. **Clarification of NAS Key West's Status as a Concurrent Federal Enclave (SAC ¶¶ 150 – 159)**: Consistent with the Court's guidance during the January 20 status conference, the SAC provides an expanded and more detailed discussion of the facts establishing that NAS Key West is not an exclusive federal enclave but instead has been a concurrent federal enclave at all

---

[4] *See, e.g.*, *Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1000–05 (9th Cir. 2021) (rejecting removal of state law claims involving federal enclave in which United States exercised concurrent rather than exclusive legislative jurisdiction).

[5] *See, e.g.*, *Miree v. DeKalb County*, 433 U.S. 25, 29 (1977) (rejecting the argument that federal common law governed determination of claim in litigation between non-governmental parties, alleging that plaintiffs were third-party beneficiaries of defendant's contract with federal agency); *City of Huntsville v. City of Madison*, 24 F.3d 169, 172–75 (11th Cir. 1994) (holding that declaratory judgment action concerning merits of claims of third-party beneficiary status under federal contract did not arise under federal law).

[6] It is well settled that, unless Congress has enacted a different rule—as it did in CAFA—an LLC's citizenship is determined based on the citizenship of its members, and that agencies of the United States do not have citizenship for diversity purposes. *See, e.g.*, *Rywelski v. Biden*, No. 23-5099, 2024 WL 1905670, at *1 (10th Cir. May 1, 2024) ("The United States is not a citizen for diversity purposes, and federal agencies and administrators cannot be sued in diversity."); *see also Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.*, 861 F.3d 1234, 1235 (11th Cir. 2017) (noting a state university is arm of the state and is not a citizen for purposes of diversity jurisdiction). The presence of a stateless party thus destroys complete diversity. *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *Mitchell v. Bailey*, 982 F.3d 937, 943 (5th Cir. 2020).

times since at least November 12, 1991. Accordingly, all of the causes of action alleged in the SAC are governed by contemporary Florida law.

3. **Clarification of Applicable Law**: The SAC adds an allegation to each Count clarifying the reasons why current Florida law applies. For nearly every count, such reasons include the fact that, as discussed above, NAS Key West has been a concurrent enclave since at least November of 1991, and the fact that Plaintiffs' leases are governed by choice of law provisions that select current Florida law. Moreover, because the vast majority of the counts allege claims for recovery for personal injuries, current Florida law applies to those claims under 28 U.S.C. § 5001(b).

4. **Revisions to Allegations Concerning Defendants' Joint and Integrated Approach to NAS Key West Housing (SAC ¶¶ 122 – 137)**: The SAC clarifies and expands on factual allegations concerning Defendants' integrated approach to the management, operation, and maintenance of housing at NAS Key West, including the role that Defendant Balfour Beatty Investments, Inc. and individuals purporting to represent that entity played in managing and maintaining Plaintiffs' homes and in addressing concerns raised by Plaintiffs regarding conditions at those homes.

5. **Retention of Claims on behalf of the Figueroa Family (SAC ¶¶ 1163 – 1173, 1676 – 1714)**: At the January 20 status conference, the Court raised questions regarding whether claims brought on behalf of the Figueroa family belong in an action brought under CAFA given that statute's definition of a "mass action" as requiring that monetary relief claims be "proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). Plaintiffs have considered the Court's comments and have concluded that CAFA does not foreclose the inclusion of claims relating to the Figueroa Plaintiffs in

this action. While Plaintiffs acknowledge that there are ways in which the Figueroas are differently situated from the other Plaintiffs, their claims also raise significant common factual and legal issues. The Figueroas' claims arise out of the same events, and they arise out of the same conduct of Defendants. The Figueroas were injured by many of the same harmful substances that injured the other Plaintiffs, during the same time period, while they were working in NAS Key West homes operated, managed, and maintained by Defendants. There are thus likely common questions concerning multiple issues, including but not limited to causation, whether Defendants' acts and omissions (including their failure to properly maintain NAS Key West homes) exposed Plaintiffs to dangerous substances, and whether Defendants' false statements, misrepresentations, concealments, and omissions induced Plaintiffs to initially come into contact with dangerous substances, and then exacerbated Plaintiffs' injuries by prolonging their exposure to those substances.[7]

6. **Addition of New Plaintiffs (SAC ¶¶ 90 – 92 and 1464 – 1513)**: Since the filing of the FAC, three new families—the Brook, Parks, and Resseguie families—have come forward to assert claims based upon their exposure to dangerous substances as a result of Defendants' acts and omissions in their operation, management, and maintenance of the families' NAS Key West homes. The SAC adds these families as Plaintiffs.

7. **Nuisance Count**: Finally, after giving further consideration to the issue, Plaintiffs have concluded that the SAC should not include the nuisance count that was pled as Count IV in the FAC.

---

[7] In any event, even leaving aside CAFA, there is no reason to distinguish the Figueroas' claims from the claims of other Plaintiffs for purposes of Defendants' invocation of removal jurisdiction under the federal officer removal statute.

DATED: March 6, 2026.                    Respectfully submitted,

                                         /s/ Robert J. McKee
                                         Robert J. McKee
                                         Florida Bar No.: 972614
                                         THE MCKEE LAW GROUP, LLC
                                         2800 South Flamingo Road
                                         Davie, Florida 33330
                                         Tel: (954) 888-9877
                                         Fax: (954) 217-0150
                                         Email: rmckee@themckeelawgroup.com

                                         Vincent J. Colatriano*
                                         Michael Weitzner*
                                         COOPER & KIRK, PLLC
                                         1523 New Hampshire Ave. NW
                                         Washington, D.C. 20036
                                         Tel: 202-220-9600
                                         Fax: 202-220-9601
                                         Email: vcolatriano@cooperkirk.com
                                         Email: mweitzner@cooperkirk.com

                                         Kristina Baehr*
                                         Christopher LaCour*
                                         JUST WELL LAW, PLLC
                                         2606 W. 8th Street, Units 1-2
                                         Austin, Texas 78703
                                         Tel: (512) 693-8029
                                         Email: Kristina@well.law
                                         Email: Chris@well.law
                                         Email: Militaryhousing-lit_PLslistserv@well.law

                                            *Pro Hac Vice

                                         Attorneys for Plaintiffs

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed and served on all counsel of record via the U.S. District Court's CM/ECF electronic filing system on March 6, 2026.

/s/ Robert McKee
Robert McKee
Florida Bar No. 972614