**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 4:25-cv-10037-LEIBOWITZ/SANCHEZ**

JACKIE and ANTHONIE TALARICO,
et al.,

     Plaintiffs,

v.

BALFOUR BEATTY COMMUNITIES, LLC,
et al.,

     Defendants.

_____/

**DEFENDANTS' UNOPPOSED MOTION TO STAY DEADLINE TO RESPOND TO THE SECOND AMENDED COMPLAINT AND TO EXTEND DEADLINE FOR JOINT PROPOSED SCHEDULE SUBMISSION**

Defendants, BALFOUR BEATTY COMMUNITIES, LLC, et al. ("Defendants"), pursuant to Federal Rules of Civil Procedure 6(b), 12(a), Southern District of Florida Local Rule 7.1(a)(1)(J), and this Court's inherent authority to control its own docket, respectfully move for a short, targeted stay of their deadline to respond to Plaintiffs' Second Amended Complaint and a brief extension of the parties' joint proposed schedule. In support, Defendants state:

1.     On January 20, 2026, the Court entered an Order directing Plaintiffs to file a Second Amended Complaint no later than March 6, 2026, and requiring that, within fifteen (15) days after its filing, the Plaintiffs file a notice related to the applicable cession date and the Parties jointly propose a schedule for the case. *See* ECF No. 133.

2.     Plaintiffs filed their Second Amended Complaint on March 6, 2026. *See* ECF No. 136.

3.      Based on Plaintiffs' filing of the Second Amended Complaint on March 6, 2026, the deadline for the Defendants to respond is currently Friday, March 20, 2026.

4.      Under the Court's January 20, 2026 Order, the parties' joint proposed schedule is currently due on Monday, March 23, 2026.

5.      On March 16, 2026, this Court entered a Notice of Status Conference setting a mandatory in-person status conference on Friday, March 27, 2026, and directing Plaintiffs to file a Notice reflecting cession dates and the parties to jointly file a proposed agenda addressing the case-management issues no later than Wednesday, March 25, 2026. *See* ECF No. 142.

6.      In that Notice, the Court expressly indicated that it is considering a case-management framework that would include a Master Docket and Master Complaint structure, short-form complaints, and phased proceedings. *Id*.  The Court also indicated that Defendants would then have an opportunity to move to dismiss the Master Complaint and individual short-form complaints. *Id*.

7.      In light of the upcoming status conference and the Court's anticipated guidance regarding case structure, good cause exists to align the parties' current deadlines with the Court's forthcoming case-management determinations at the March 27, 2026 status conference.

8.      First, a stay of Defendants' deadline to respond to the Second Amended Complaint is warranted. Requiring a response before the March 27, 2026 status conference risks unnecessary or duplicative motion practice, particularly where the Court has indicated that the operative pleading structure and sequencing of issues may change.

9.      Second, a modest extension of the Plaintiffs' cession date filing and the parties' joint proposed schedule deadline from Monday, March 23, 2026 to Wednesday, March 25, 2026 is

warranted to align that filing with the Court's agenda requirement and to ensure that the parties' submissions are coordinated, efficient, and useful to the Court.

10.     The requested relief is narrow and unopposed and will conserve judicial resources while ensuring that the parties' filings comply with this Court's current and forthcoming case-management directives.

11.     Counsel for Defendants have conferred with Plaintiffs' counsel, who have confirmed that Plaintiffs do not oppose the relief requested herein.

WHEREFORE, Defendants respectfully request that this Court enter an order that:

(1) temporarily stays Defendants' deadline to answer, move, or otherwise respond to Plaintiffs' Second Amended Complaint until a date set by the Court following the March 27, 2026 status conference;
(2) extends the deadline for the Plaintiffs' cession date filing and the parties' joint proposed schedule submission from March 23, 2026 to March 25, 2026; and
(3) grant such other and further relief as the Court deems just and proper.

Dated: March 18, 2026                      Respectfully submitted,

**QUINTAIROS, PRIETO,**                    **PAUL HASTINGS LLP**
**WOOD & BOYER, P.A.**

/s/ Reginald J. Clyne_____
Reginald J. Clyne, Esq.                    Brian D. Israel, Esq. (admitted *pro hac vice*)
Florida Bar No. 654302                     BrianIsrael@PaulHastings.com
Reginald.Clyne@QPWBLaw.com                 Benjamin W. Snyder, Esq. (admitted *pro hac vice)*
Eddie L. Holiday III, Esq.                 BenSnyder@PaulHastings.com
Florida Bar No. 109918                     2050 M. Street, N.W.
Eddie.Holiday@QPWBLaw.com                  Washington, D.C. 20036
9300 South Dadeland Boulevard              Tel: (202) 551-1700
Fourth Floor                               Fax: (202) 55-1705
Miami, Florida 33156
Tel: (305) 670-1101                        Avi Weitzman, Esq. (admitted *pro hac vice*)
Fax: (305) 670-1161                        AviWeitzman@PaulHastings.com
                                           Evan J. Preminger, Esq. (admitted *pro hac vice)*
                                           EvanPreminger@PaulHastings.com
                                           200 Park Avenue
                                           New York, New York 10166
                                           Tel: (212) 318-6000
                                           Fax: (212) 319-4090

*Attorneys for Defendants*

3

## **CERTIFICATE OF GOOD FAITH CONFERENCE – LOCAL RULE 7.1(a)(3)**

**I HEREBY** certify that counsel for movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and Plaintiffs' counsel who advised on March 18, 2026 that Plaintiffs do not oppose the relief sought.

/s/ Reginald J. Clyne
Reginald J. Clyne, Esq.
Florida Bar No. 654302

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on March 18, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmissions of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronical Filing on all counsel or parties of record.

*/s/ Reginald J. Clyne*_____
Reginald J. Clyne, Esq.
Florida Bar No. 654302

5