# EXHIBIT 1

A black and white copy of this document is not official

# STATE OF FLORIDA
# DEPARTMENT OF STATE

If photocopied or chemically altered, the word "VOID" will appear.

"State of Florida" appears in small letters across the face of this 8½ x 11" document

I, Anya Owens, State Archivist, Custodian of Records for the Division of Library and Information Services, Florida Department of State, do hereby certify that the enclosed documents totaling 5 page(s) are official public records of the State Archives of Florida and are true and correct copies, the originals of which may be found in Series S 1115.



Anya Owens
May 7, 2025



DSDE 99  (3/03)

The original document has a reflective line mark in paper. Hold at an angle to view when checking.



**DEPARTMENT OF THE NAVY**

OFFICE OF THE ASSISTANT SECRETARY
(INSTALLATIONS AND ENVIRONMENT)
WASHINGTON, D.C. 20360-5000

24 JUN 1991

The Honorable Lawton Chiles
Governor of the State of Florida
The Capital
Tallahassee, Florida  32399-0001
Attn:  Mr. Gregory Smith, Esquire
       Assistant General Counsel

Dear Governor Chiles:

The Naval Complex, Key West, Florida, contains approximately 5,955.93 acres of land.  The Navy has proprietary jurisdiction over 5,564.54 acres and exclusive over 391.39 acres.  Many of the contiguous parcels of land have different degrees of jurisdiction, and this patchwork of legislative jurisdiction has presented legal and security problems.

Adjusting the jurisdictional status at the Naval Complex by changing all tracts to concurrent jurisdiction would eliminate these problems.  It would provide for more efficient property management and law enforcement, and would clarify the rights of the residents of the area.

The United States Attorney for the Southern District of Florida, the State Attorney in Key West, and the Monroe County Sheriff are supportive of this adjustment.  Therefore, on behalf of the United States and in an effort to bring about continuity in jurisdiction, it is requested that the state of Florida take appropriate action to adjust jurisdiction over this property to concurrent.

Enclosed please find:  (1) procedural information;  (2) a map depicting the areas proposed for the adjustment in jurisdiction;  (3) affidavits certifying that the United States has title to the property in the attached legal descriptions (in lieu of certified copies of the numerous deeds conveying ownership to the federal government).

We will be pleased to assist your staff with this action in any manner.  Ms. Elaine Leonard, of the Naval Facilities Engineering Command, 200 Stovall Street, Alexandria, Virginia, 22332-2300, (703) 325-0474 may be contacted for further information on this matter.

Sincerely,

JACQUELINE E. SCHAFER
Assistant Secretary of the Navy
(Installations and Environment)

Enclosures



**DEPARTMENT OF THE NAVY**

THE ASSISTANT SECRETARY OF THE NAVY
(INSTALLATIONS AND ENVIRONMENT)
WASHINGTON, D.C. 20360-5000

## 30 OCT 1991

The Honorable Lawton Chiles
Governor of the State of Florida
The Capitol
Tallahassee, FL 32399-0001
Attn:  Mr. Gregory Smith, Esquire
       Assistant General Counsel

Dear Governor Chiles:

On June 24, 1991 I wrote you asking that jurisdiction over approximately 5,955.93 acres of land comprising the Naval Complex, Key West, Florida, be adjusted to concurrent jurisdiction to eliminate legal and security problems there.

I understand it will be necessary under the Florida statute to establish concurrent jurisdiction by the transfer of exclusive jurisdiction from the State over 5,564.64 acres to the Federal Government, and relinquishment by the Federal Government to the State of such measure of jurisdiction over the entire Naval Complex as is necessary to establish concurrent jurisdiction.

Section 2683 of Title 10, United States Code authorizes the Secretary of the Navy to relinquish to a state or commonwealth all or part of the legislative jurisdiction over land under his control in a state or commonwealth.  With regard to the Naval Complex, Key West, Florida, this retrocession will be effective upon Navy acceptance of exclusive jurisdiction ceded to the United States in the Deed of Cession from the Governor and his acceptance of the retrocession of concurrent jurisdiction.

Therefore, pursuant to the authority duly delegated to me, I hereby retrocede concurrent legislative jurisdiction on behalf of the United States, over the lands described in the Deed of Cession for the Naval Complex, Key West, Florida, and those properties consisting of 391.39 acres over which the Navy has current exclusive jurisdiction.

Sincerely,

JACQUELINE E. SCHAFER

Concurrent jurisdiction accepted _____

November 12, 1991

DEED OF CESSION

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, the following described lands, within the limits of the County of Monroe, State of florida, have been acquired by purchase and condemnation, and are now being held by the United States of America for the purpose of erecting and maintaining thereon forts, magazines, arsenals, dockyards and other needful buildings, or any of them, as contemplated and provided in the Constitution of the United States, to-wit:

> All those tracts or parcels of land situate, lying and being in the county of Monroe, State of Florida, more particularly described in attachment "A" incorporated by reference herein, consisting of 5,564.54 acres.

AND WHEREAS, application in writing has been made by the United States of America to me, Lawton Chiles, Governor of the State of Florida, to cede to said United States of America exclusive jurisdiction over said lands;

NOW, THEREFORE, I, Lawton Chiles, Governor of the State of Florida, in the name and by the authority of said State, and pursuant to the statutes of said State in such cases made and provided, do hereby cede to the United States of America exclusive jurisdiction over said lands so held;

PROVIDED, HOWEVER, that said cession of jurisdiction is made upon the express condition that the said State of Florida retains and shall have concurrent jurisdiction with the United States in and over said lands and every portion thereof so far that all process, civil or criminal, issuing under authority of the State

of Florida, or any of the courts or judicial officers thereof, may be executed by the proper officers thereof upon any person or persons amenable to the same, within the limits and extent of said lands in like manner and like effect (as if said statutes of the State of Florida had never been passed and this instrument had never been executed), saving, however, to the United States security to their property within said limits and extent, and exemption of the same from any taxation under the laws of the State while the same shall continue to be owned and occupied by the United States for the purposes above expressed and not otherwise, and provided, further, that this cession is made and shall in all things be subject to the terms and effect of the statutes of the State of Florida in such cases made and provided, the same as if such statutes were herein fully set forth.

IN TESTIMONY WHEREOF, I, Lawton Chiles, Governor of the State of Florida, have hereunto set my hand and caused this instrument to be countersigned by the Secretary of State and sealed with the Great Seal of the State of Florida, at the Capitol, at Tallahassee, this __12__ th day of __November__, in the year of our Lord, One Thousand Nine Hundred and Ninety-one.

_____
Governor of the State of Florida

ATTEST:

_____
Secretary of State of the
State of Florida

STATE OF FLORIDA

OFFICE OF THE SECRETARY OF STATE

I, JIM SMITH, Secretary of State of the State of Florida, do hereby certify that the foregoing Deed of Session has been duly recorded in this office.

GIVEN under my hand and the Great Seal of the State of Florida, at Tallahassee, the Capitol, this 12th day of November, A.D., 1991.



_____
Secretary of State of the State of Florida