**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**IN RE: KEY WEST NAS LITIGATION**
**CASE NO. 4:25-cv-10037-LEIBOWITZ/TORRES**

**THIS ORDER APPLIES TO ALL CASES**
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation by United States Magistrate Judge Edwin G. Torres [ECF No. 186] (the "R&R"), filed on July 8, 2026, recommending that Defendant Balfour Beatty Investment's ("BBI") Motion To Dismiss for lack of personal jurisdiction (the "Motion") [ECF No. 161] be DENIED.  The undersigned previously referred the Motion to Judge Torres for a report and recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 166].  No objections were filed during the 14-day objection period.  Upon due consideration of the Motion, the R&R, the parties' papers, the relevant portions of the record, and the governing law, the Court finds no error.  Accordingly, the Report and Recommendation is ADOPTED AND AFFIRMED for the reasons given below.

### STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1),

and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## DISCUSSION

This mass action is brought under 28 U.S.C. §§ 1332(d)(2) and (d)(11), by a group of current and former military service members against private companies that owned and/or operated the service members' military housing units located at the Naval Air Station Key West ("NAS Key West"). The Master Complaint alleges Defendants put Plaintiffs' "health, safety, and financial security … at serious risk," by "fail[ing] or refus[ing] to address housing problems" at NAS Key West. [*In re Key West Lit.*, No. 4:25-cv-10037-DSL, ECF No. 175 ("Master Compl.") ¶¶ 2, 102]. More specifically, Plaintiffs allege that they:

> [H]ave had to live with appalling conditions in their Balfour housing. Ceiling collapses, water damage, faulty air conditioning, structural defects, pest infestations, and/or exposure to toxic mold and asbestos were part of [Plaintiffs'] … day-to-day existence at their Balfour homes. [These conditions] led to devastating health consequences for virtually all of [Plaintiffs'] families. These health effects can be traced to the mold and other environmental hazards to which [Plaintiffs] were exposed every day.
>
> Plaintiffs also suffered severe emotional harm as a result of their coming into contact with toxic substances and other hazards.
>
> Additionally, … the continuous stress [Plaintiffs] experienced as a direct result of having to live with both the deplorable housing conditions they were subjected to by Balfour, and the effects these conditions had on their physical health and well-being, have also led them to suffer severe mental anguish and emotional distress that has often manifested physically.

[*Id.* ¶ 3].

Defendant BBI moved to be dismissed from this action for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. [*See* ECF No. 161]. In the R&R, Judge Torres recommends denying BBI's Motion at this stage of the litigation, finding Plaintiffs' allegations of BBI's direct participation in the events giving rise to Plaintiffs' claims and agency/alter-ego principles support denying the Motion. [ECF No. 186 at 13–29]. Moreover, Judge Torres concluded the

"intertwined-facts doctrine" counsels against granting the Motion at this juncture, and that exercising jurisdiction over BBI comports with due process. [*Id.* at 30–37]. Finally, Judge Torres determined that for present purposes Plaintiffs' claims against BBI reach the entire case, not merely specific claims asserted against BBI. [*Id.* at 41]. Upon due consideration of Judge Torres' well-reasoned R&R and in the absence of any objection, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [ECF No. 186] is ADOPTED AND AFFIRMED and fully incorporated herein.

2. BBI's Motion To Dismiss for lack of personal jurisdiction **[ECF No. 161]** is **DENIED**.

3. BBI must answer the Complaint within 14-days of the date of this Order.

**DONE AND ORDERED** in the Southern District of Florida on July 29, 2026.

_____
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record